UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 MAY -5 PM 3:2[?]
[?] OF ALABAMA
MAY 0 5 2004

| | |
|---|---|
| TYSON L. HEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-03-S-3324-NE |
| | ) |
| AVOCENT CORPORATION, | ) |
| MARK HALL, and DAN BOYER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, Tyson L. Hein, who initially appeared *pro se,* commenced this action on December 16, 2003, asserting claims of sexual harassment, outrageous behavior, intentional infliction of emotional distress, and breach of contract against his employer, Avocent Corporation ("Avocent").[1]  A week later, plaintiff, still unrepresented by counsel, amended his complaint to add Mark Hall and Dan Boyer, both of whom are employees of Avocent, as defendants to all of his claims.[2] Defendants moved to dismiss both plaintiff's original and amended complaints for failure to state a claim upon which relief could be granted.[3] The court denied all

---

[1] Original complaint (doc. no. 1).

[2] First Amended Complaint (doc. no. 3).

[3] *See* Avocent's motion to dismiss plaintiff's original complaint (doc. no. 6); Avocent's motion to dismiss plaintiff's first amended complaint (doc. no. 13); Hall and Boyer's motion to dismiss plaintiff's first amended complaint (doc. no. 14).



pending motions to dismiss on March 8, 2004; and, because plaintiff recently had employed an attorney, granted plaintiff the opportunity to file a second amended complaint through counsel.[4] Plaintiff complied, adding a claim against all defendants under the Equal Pay Act of 1963 ("the Equal Pay Act"), 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et seq.*, on March 15, 2004.[5] Defendants collectively filed a motion to dismiss the second amended complaint for failure to state a claim upon which relief could be granted on March 19, 2004.[6] That motion presently is before the court.

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[7] Consequently, a complaint should not be dismissed for failing to state a

---

[4]*See* doc. no. 17.
[5]Doc. no. 20.
[6]Doc. no. 21.
[7]With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are

...

claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[8] Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v.*

---

required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).
    As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").
    [8]*See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

*Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129, 122 S. Ct. 1067, 151 L. Ed. 2d 970 (2002).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6)

motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

## II. DISCUSSION

### A.  Plaintiff's Second Amended Complaint Is The Relevant Document

As an initial matter, the court notes that, in evaluating plaintiff's claims, the relevant document is plaintiff's second amended complaint — not his original, nor even his first amended, complaint. It is well established that when an amended complaint is filed, it completely supersedes all prior pleadings *unless* the amendment "specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle*

*Blowers Association,* 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citing *Wilson v. First Houston Investment Corp.,* 566 F.2d 1235, 1238 (5th Cir. 1978)). "Once amended, the original [complaint] no longer performs any function as a pleading . . . ." *Bullen v. DeBretteville,* 239 F.2d 824, 833 (9th Cir. 1956).

Plaintiff's second amended complaint neither specifically refers to, nor adopts, either his original or first amended complaint. Accordingly, the court will consider only the allegations contained in plaintiff's second amended complaint in evaluating defendants' motion to dismiss.

**B.    Count One:  Sexual Harassment**

The court construes plaintiff's sexual harassment claim as one for a sexually-hostile work environment.[9] To establish a hostile work environment claim, plaintiff must show that: (1) he belongs to a protected group; (2) he was subjected to unwelcome sexual harassment; (3) the harassment was based upon his sex; (4) the harassment was sufficiently severe or pervasive as to alter the terms and conditions of his employment, and created a discriminatorily abusive work environment; and (5)

---

[9]The Eleventh Circuit has, for the most part, abandoned the traditional distinction between hostile work environment sexual harassment claims and *quid pro quo* sexual harassment claims, instead categorizing sexual harassment claims into those which do *not* culminate in a "tangible employment action," and those which *do* culminate in a tangible employment action. *See Pipkins v. City of Temple Terrace,* 267 F.3d 1197, 1200 (11th Cir. 2001). From plaintiff's pleadings, it appears that his employment at Avocent has not been terminated, and that no other tangible employment action has been taken against him. Thus, plaintiff's claims are most appropriately categorized under the traditional label of a hostile work environment claim.

there is a basis for holding defendants liable. *See, e.g., Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998); *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S. Ct. 2254, 141 L. Ed. 2d 633 (1998); *Johnson v. Booker T. Washington Broadcasting Service, Inc.,* 234 F.3d 501, 508 (11th Cir. 2000).

Plaintiff's second amended complaint contains either direct or inferential allegations to support each of these elements. Plaintiff alleges that someone in his workplace placed pornographic images of women on his work computer. When he complained to management, he began to receive pornographic images of men, as well as additional images of women. Plaintiff was unable to discern whether some of the images were of adults or of children, and thus became concerned that he might be viewing "kiddy porn."[10] Plaintiff alleges that "[a]ll of this was insulting, humiliating, and caused emotional distress to [him], and created a hostile work place which certainly interfered with [him] having a non-hostile workplace to try to do his job."[11] Plaintiff further alleges that, "[a]s a proximate cause of the actions of the Defendant[12] in being involved in, permitting the continuance of, and otherwise doing nothing about the dissemination of pornographic materials over computers, including the Plaintiff[']s

---

[10]Second amended complaint (doc. no. 20), at 2.
[11]*Id.* at 2-3.
[12]Plaintiff does not clearly identify to which defendant this allegation refers.

computer, the Plaintiff was sexually harassed, was discriminated against, and was damaged . . . ."[13]

These allegations establish that plaintiff belongs to a protected group. "Title VII's prohibition of discrimination 'because of . . . sex' protects men as well as women." *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 78, 118 S. Ct. 998, 1001, 140 L. Ed. 2d 201 (1998) (citing *Newport News Shipbuilding & Dry Dock Co. v. EEOC,* 462 U.S. 669, 682, 103 S. Ct. 2622, 2630, 77 L. Ed. 2d 89 (1983)). "As in other cases of sexual discrimination, this [element] requires a simple stipulation that the employee is a man or a woman." *Henson v. City of Dundee,* 682 F.2d 897, 902 (11th Cir. 1982). Further, "same-sex sexual harassment is actionable under Title VII." *Oncale,* 523 U.S. at 82, 118 S. Ct. at 1003.

The allegations of plaintiff's complaint also clearly establish that the images transmitted to his computer were unwelcome. Pornography clearly is sexual in nature. It also can reasonably be inferred from the allegations in plaintiff's complaint that the harassment he allegedly suffered was inflicted upon him because he is male. Further, the harassment allegedly altered the terms and conditions of plaintiff's employment, because it interfered with his ability to have a "non-hostile workplace to try to do his

---

[13]Second amended complaint (doc. no. 20), at 2.

job."[14] Finally, plaintiff alleges that Avocent was involved in disseminating pornography to its employees' computers, or that Avocent permitted (if not encouraged) continued dissemination of pornography by "doing nothing about [it]."[15] These allegations provide a basis for holding *Avocent* liable.

However, plaintiff does not state a claim for sexual harassment against defendants Hall and Boyer. Plaintiff's sexual harassment claim arises under Title VII, which makes it "an unlawful employment practice for an *employer* to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1) (emphasis supplied). Liability does not extend to plaintiff's co-employees.

In summary, the court concludes that plaintiff's allegations are sufficient to state a claim for hostile work environment sexual harassment *against defendant Avocent*. Plaintiff does not state a claim for sexual harassment against defendants Hall and Boyer. Accordingly, defendants' motion to dismiss Count One of plaintiff's second amended complaint will be denied with respect to Avocent, but granted with respect to Hall and Boyer.

---

[14]Second amended complaint (doc. no. 20), at 3.
[15]*Id.*

### C. Count Two: Pay Disparities

Plaintiff brings his claim for pay disparities in his workplace pursuant to both the Equal Pay Act and Title VII. To establish a claim for violation of the Equal Pay Act, plaintiff must show that his employer pays a different wage to a female employee "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ." 29 U.S.C. § 206(d); *see also Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S. Ct. 2223, 2228, 41 L. Ed. 2d 1 (1974); *Arrington v. Cobb County,* 139 F.3d 865, 876 (11th Cir. 1998) (citing *Waters v. Turner, Wood & Smith Insurance Agency, Inc.,* 874 F.2d 797, 799 (11th Cir. 1989)). To establish a claim for gender-based wage discrimination under Title VII, plaintiff must show that he is male and that the job he occupied was similar to higher paying jobs occupied by females. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir. 1992); *see also Meeks v. Computer Associates Intern.,* 15 F.3d at 1013, 1019 (11th Cir. 1994).

The only factual allegations in plaintiff's complaint which are relevant to his pay disparity claims are that "[p]ersons with less time on the job and less experience were paid the same as or more that [sic] the Plaintiff who should have been getting paid more,"[16] and, that "[a]s a proximate cause of the Defendants underpaying the

---

[16]*Id.*

Plaintiff and paying more to others doing the same work, the Plaintiff was discriminated against...."[17] Plaintiff does not allege, either directly or inferentially, that the "others" being paid more than him are females. Thus, plaintiff's complaint does not state a claim for a gender-based pay disparity under either the Equal Pay Act or Title VII. Count Two of plaintiff's complaint accordingly will be dismissed.

### D.    Counts Three And Four: Tort Of Outrage And Intentional Infliction Of Emotional Distress[18]

Plaintiff alleges separate claims for outrage and intentional infliction of emotional distress. However, under Alabama law, the tort of outrage and the tort of intentional infliction of emotional distress are the same cause of action. *See Sphere Drake Ins., P.L.C. v. Shoney's, Inc.,* 923 F. Supp. 1481, 1491 (M.D. Ala. 1996) (stating that, under Alabama law, the tort of outrage and the intentional infliction of emotional distress are "the same cause of action"); *Ex Parte Lumbermen's Underwriting Alliance,* 662 So. 2d 1133, 1134 (Ala. 1995) (recognizing that intentional infliction of emotional distress is "otherwise known as the tort of outrage"); *Sanders v. Shoe Show, Inc.,* 778 So. 2d 820, 823 (Ala. Civ. App. 2000) (same).[19] Thus, the court will analyze the efficacy of the two claims to withstand

---

[17]*Id.*

[18]These claims are incorrectly numbered in plaintiff's second amended complaint as "Count Two" and "Count Three," respectively. *Id.* at 3-4.

[19]This court believes that, as a matter of policy, the torts of outrage and intentional infliction

defendants' motion to dismiss together.

To establish a claim for intentional infliction of emotional distress (or the tort of outrage), plaintiff must allege: "(1) that the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it." *Callens v. Jefferson County Nursing Home,* 769 So. 2d 273, 281 (Ala. 2000) (citing *Jackson v. Alabama Power Co.,* 630 So. 2d 439 (Ala. 1993), and *American Road Serv. Co. v. Inmon,* 394 So. 2d 361 (Ala. 1980)). The Alabama Supreme Court recognizes the tort of outrage only in "egregious circumstances," and thus has limited its application to the following three areas: (1) wrongful conduct within the context of family burials; (2) an insurance agent's coercing an insured into settling an insurance claim; and (3) egregious sexual harassment. *Callens,* 769 So. 2d at 281 (citing *Thomas v. BSE Indus. Contractors, Inc.,* 624 So. 2d 1041 (Ala. 1993)).

With regard to his claims for outrage and intentional infliction of emotional distress, plaintiff alleges that, "[a]s a proximate cause of the actions of the Defendants

---

of emotional distress should be viewed as conceptually distinct. However, since the Alabama courts have failed to recognize this distinction, this court will analyze the two counts as if they were a single cause of action.

in permitting, allowing, or actually disseminating pornographic materials onto the Plaintiff's computer where the Plaintiff inadvertently saw these materials, the Plaintiff was subjected to the tort of outrageous behavior . . . ."[20] Plaintiff also alleges that the defendants' actions, and the pornographic materials he was caused to view, "were so offensive to the Plaintiff . . . as to intentionally cause emotional distress to the Plaintiff . . . ."[21] Plaintiff thus states that defendants intentionally engaged in conduct which plaintiff found to be extreme, and that plaintiff suffered emotional distress as a result of that conduct. Further, defendants' alleged conduct, if found to be sufficiently egregious once plaintiff's allegations are factually developed, would fall within one of the categories of intentional infliction of emotional distress recognized by the Alabama Supreme Court: *i.e.,* egregious sexual harassment.

Plaintiff may not ultimately prevail on his intentional infliction of emotional distress and outrage claims. Nevertheless, the court concludes that he has proffered either direct or inferential allegations to support each element of those claims. Accordingly, defendants' motion to dismiss counts three and four (improperly numbered as counts two and three) of plaintiff's second amended complaint will be denied.

---

[20]Second Amended Complaint (doc. no. 20), at 4.
[21]*Id.*

E.  **Count Five: Breach Of Contract**[22]

To establish a breach of contract claim, plaintiff must show: (1) the existence of a valid contract binding the parties in the action; (2) performance of his obligations under the contract; (3) defendants' failure to perform; and (4) resulting damage to him. *See, e.g., Employees' Benefit Association v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998); *see generally* 1 *Alabama Pattern Jury Instructions Civil* § 10.12, at 177 (2d ed. 1993).

Plaintiff proffers the following with regard to his breach of contract claim:

> As a proximate cause of the actions of the Defendants in permitting, allowing, or actually disseminating pornographic materials onto the Plaintiff's computer where the Plaintiff inadvertently saw these materials, the Plaintiff was forced to endure a breech [sic] of contract by the Defendants who by contract are de facto contracting to provide [sic] safe and wholesome environment for the Plaintiff to work without being subjected to highly offensive and illegal, pornographic images and the Plaintiff was made to suffer a breech [sic] of contract by the Defendants and as a proximate cause of the aforementioned actions of the Defendants in breeching [sic] their contract with the Plaintiff, the Plaintiff was made to suffer damage . . . .[23]

Plaintiff also alleges that the defendants' actions "appeared to be a breach of contract regarding non-discriminatory and non-offensive work conditions, intentional infliction

---

[22]Plaintiff's breach of contract claim is improperly numbered as Count Four in his second amended complaint. *See id.* at 4.

[23]*Id.*

of emotional distress, and outrageous behavior."[24]

Plaintiff clearly states which actions defendants allegedly have taken in breaching their contract with him, and what damages he allegedly suffered as a result. However, plaintiff has failed to allege that a valid, binding contract existed between him and defendants. He states merely that defendants "de facto contract[ed]" with him to provide a wholesome work environment, to protect him from discriminatory and offensive working conditions, and to prevent intentional infliction of emotional distress and outrageous behavior.

Plaintiff's allegations are not the proper subject of a breach of contract action. Alabama state courts do recognize the existence of legally binding contracts implied in fact. *See Ellis v. City of Birmingham,* 576 So. 2d 156, 157 (Ala. 1991); *Welborn v. Snider,* 431 So. 2d 1198 (Ala. 1983). Implied contracts require proof of the same elements as express contracts — *i.e.,* offer, acceptance, consideration, and mutual assent. *Steiger v. Huntsville City Board of Education,* 653 So. 2d 975, 978 (Ala. 1995); *Ellis,* 576 So. 2d at 157. Implied contracts differ from express contracts only "in the 'method of expressing mutual assent.'" *Ellis,* 576 So. 2d at 157 (citing *Berry v. Druid City Hospital Board,* 333 So. 2d 796, 799 (Ala. 1976)).

There is no direct or inferential allegation in plaintiff's second amended

---

[24]*Id.* at 2.

complaint that any of the requisite contract elements have been satisfied. There is no allegation that defendants assented, even impliedly (or "de facto"), to a contract with plaintiff for any of the contract terms he has alleged. Plaintiff may seek recovery from defendants for subjecting him to pornography through the hostile work environment and intentional infliction of emotional distress claims he has asserted. However, plaintiff does not state a cause of action for *breach of contract* upon which relief can be granted. Accordingly, defendants' motion to dismiss plaintiff's breach of contract claim will be granted.

### III. CONCLUSION

Based on the foregoing, defendants' motion to dismiss plaintiff's second amended complaint will be granted in part and denied in part. An appropriate order will be entered contemporaneously herewith.

DONE this 5th day of May, 2004.

_____
United States District Judge